ORIGINAL

SHKLOV & WONG LLP
A Limited Liability Law Partnership

MARK T. SHKLOV (1850)
1001 Bishop Street, Suite 988
Honolulu, Hawaii 96813
Telephone No.: 585-8858
Facsimile No.: 599-4198
E-mail: info@shklovlaw.com

Attorney for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 16 2010

at 3 o'clock and 28 min. P M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EVERGREEN ENGINEERING, INC., | CIVIL NO.: CV10 00676 DAE BMK |
| Plaintiff, | COMPLAINT; EXHIBITS "A" – "C"; SUMMONS |
| vs. | |
| GREEN ENERGY TEAM LLC, | |
| Defendant. | |

**COMPLAINT**

COMES NOW Plaintiff EVERGREEN ENGINEERING, INC. ("Plaintiff"), by and through its counsel undersigned, and, for a Complaint against Defendant GREEN ENERGY TEAM LLC ("Defendant GET"), alleges and avers as follows:

## PARTIES

1. Plaintiff is a corporation organized and existing under the laws of the State of Oregon, with its principal place of business in Eugene, Oregon.

2. Defendant GET is and during all times relevant was a single-member domestic limited liability company organized and existing under the laws of the State of Hawaii and has its principal place of business in the County of Kauai, State of Hawaii,

3. Defendant GET's single-member is Green Energy Hawaii LLC, a domestic limited liability company organized and existing under the laws of the State of Hawaii and has its principal place of business in the County of Kauai, State of Hawaii.

4. Green Energy Hawaii LLC, is a three-member domestic limited liability company organized and existing under the laws of the State of Hawaii and has its principal place of business in the County of Kauai, State of Hawaii.

5. Green Energy Hawaii LLC's three (3) members are: Coleum Versus LLC, a Hawaii limited liability company; Green Generation LLC, a Hawaii limited liability company; and Marc J. Pascoe, an individual.

6. Coleum Versus LLC is a single-member domestic limited liability company organized and existing under the laws of the State of Hawaii and has its principal place of business in the County of Kauai, State of Hawaii.

7. Coleum Versus LLC's single member is Eric Knutzen, who, upon information and belief, is a citizen of the County of Kauai, State of Hawaii.

8. Green Generation LLC is a two-member domestic limited liability company organized and existing under the laws of the State of Hawaii and has its principal place of business in the County of Kauai, State of Hawaii.

9. Green Generation LLC's two (2) members are Green Generation Hawaii LLC and United Dairy Farmers, Inc.

10. Green Generation Hawaii LLC is a three-member domestic limited liability company organized and existing under the laws of the State of Hawaii and has it principal place of business in the County of Kauai, State of Hawaii.

11. Green Generation Hawaii LLC's three (3) members are Leela Lindner, Sita Lindner, and Jeffrey Lindner, all of whom, upon information and belief, are citizens of the County of Kauai, State of Hawaii.

12. United Dairy Farmers, Inc. is a foreign profit corporation organized and existing under the laws of the State of Ohio with its principal place of business in Cincinnati, Ohio.

13. Upon information and belief, Marc J. Pascoe is a citizen of the State of California.

## JURISDICTION AND VENUE

14. Subject matter jurisdiction exists under 28 USC § 1332(a)(1), as there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

15. There is complete diversity between Plaintiff, an Oregon corporation and Defendant GET, a Hawaii limited liability company, its member Green Energy Hawaii, LLC, and each and every sub-member of said entities.

16. Venue is proper in this District.

## FACTS COMMON TO ALL COUNTS

17. On or about December 16, 2007, Plaintiff and Defendant GET entered into an Agreement under which Plaintiff agreed to perform certain services and Defendant GET agreed to pay for such services with respect to a biomass-to-energy plant to be located on Kauai.

18. The Agreement is comprised of the Amended Design Proposal dated December 8, 2007, signed by Defendant GET on December 16, 2007, and the attachments thereto, including the General Conditions for Professional Services.

19. A true, correct, and complete copy of the Agreement is attached hereto as Exhibit "A" and incorporated herein by reference.

20. Under the Agreement, the basic fee for Plaintiff's services was $2,539,342.00, with "[p]rogress billings…monthly based on work completed."

21. Under the Agreement, "[c]osts for reimbursement associated with the scope of services" were also to be paid by Defendant GET to Plaintiff.

22. The General Conditions for Professional Services, which is part of the Agreement, further describes Defendant GET's duty to pay sums due, and states that

"[a]ny payment more than thirty (30) days past due shall accrue interest at the rate of 1-1/2% per month or part thereof calculated from the due date until paid."

23. The Agreement also provides that Plaintiff is entitled to its costs of collection, including but not limited to legal fees and costs.

24. Defendant GET made payment for invoices sent by Plaintiff pursuant to the Agreement up until on or about June 2008.

25. Between June 2008 and April 2009, Plaintiff delivered to Defendant GET the following invoices in the following principal amounts:

| DATE | INVOICE NO. | AMOUNT |
|---|---|---|
| 06/07/08 | 3017 | $ 48,247.50 |
| 07/29/08 | 3066 | $ 19,781.47 |
| 09/05/08 | 3121 | $ 9,979.62 |
| 10/07/08 | 3160 | $ 16,454.93 |
| 12/03/08 | 3222 | $ 19,299.00 |
| 04/10/09 | 3375 | $ 25,901.29 |
|  | TOTAL | $139,663.81 |

26. True and correct copies of the foregoing invoices are collectively attached hereto as Exhibit "B" and incorporated herein by reference.

27. Between November 14, 2008 and February 19, 2010, Defendant GET made partial payment to Plaintiff totaling $17,979.62.

28. As of August 23, 2010, the unpaid principal and interest balance on these above-described invoices was $165,764.15, which is comprised of unpaid principal in

the amount of $133,800.00 and accrued and unpaid interest in the amount of $31,964.15,

29. Interest continues to accrue at the rate of 1.5% per month thereon.

30. In addition to the foregoing invoiced services, Plaintiff also performed other services for the benefit and use of Defendant GET for which invoices were sent on August 23, 2010.

31. These other services included, but was not limited to, the following:

A. The performance of analysis and evaluation services outside the scope of the original Agreement performed at the specific request of Defendant GET; and

B. Design engineering services that were within the scope of the original Agreement and which were provided in order to preserve the viability of the project and to ensure scheduled target dates could be met when the project resumed.

32. By letter dated August 23, 2010, Plaintiff, through counsel, provided copies of the invoices listed in the following table, and demanded immediate payment:

| DATE | INVOICE NO. | AMOUNT |
|---|---|---|
| 3/30/09 | 3770 | $ 6,784.73 |
| 3/30/09 | 3771 | $92,088.00 |
|  | TOTAL | $98,872.73 |

33. True and correct copies of the foregoing invoices (nos. 3770 and 3771) are collective attached hereto as Exhibit "C" and incorporated herein by reference.

34. Plaintiff is entitled to interest on these amounts at the rate of 1.5% per month on the principal amounts beginning 30 days from August 23, 2010.

## COUNT I (BREACH OF CONTRACT)

35. Plaintiff repeats, realleges, and incorporates herein the allegations contained above as though fully set forth herein.

36. The Agreement is an enforceable contract.

37. Plaintiff reasonably relied on the Agreement and Defendant GET's promise to pay in providing services to Defendant GET.

38. Plaintiff is not in breach of the Agreement, and has completed all conditions necessary to be entitled to payment for the services it provided.

39. Defendant GET is in material breach of the Agreement.

40. Plaintiff has been damaged by Defendant GET's breach of contract, and Plaintiff has suffered damages and losses as a direct and proximate result of this breach.

41. Plaintiff is entitled to damages in the amount of the unpaid invoices, plus interest.

## COUNT II (QUANTUM MERUIT/UNJUST ENRICHMENT)

42. Plaintiff repeats, realleges, and incorporates herein the allegations contained above as though fully set forth herein.

43. Defendant GET has benefited and made use of the services provided by Plaintiff.

44. Defendant GET has been and continues to be unjustly enriched by its failure to pay for services provided by Plaintiff for Defendant GET's benefit and use.

45. Plaintiff is entitled to restitution to the extent of Defendant GET's unjust enrichment and/or to recovery in quantum meruit for the fair value of the services provided.

46. Defendant GET has breached its express and implied promises to pay for the value of the services received, and Plaintiff has been harmed and Defendant GET has been unjustly enriched.

## COUNT III (ASSUMPSIT/ ACCOUNT STATED)

47. Plaintiff repeats, realleges, and incorporates herein the allegations contained above as though fully set forth herein.

48. Plaintiff has provided services at the request of and for the benefit of Defendant GET.

49. Under the Agreement, Defendant GET agreed to pay amounts invoiced.

50. Defendant GET has not paid the full amounts invoiced.

51. Defendant GET is in material breach of its promise and obligation to pay its outstanding account in the amounts described above.

WHEREFORE, Plaintiff prays judgment in favor of Plaintiff and against Defendant GET as follows:

    A.    For damages for the unpaid invoices along with contractual interest as provided in the Agreement.

    B.    For restitution and such other equitable relief as may be appropriate.

    C.    For reasonable attorneys' fees and costs.

    D.    For any and all other relief that this Court may deem just and proper.

DATED: Honolulu, Hawaii, November __16__, 2010.

_____
MARK T. SHKLOV
Attorney for Plaintiff